**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 9 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RYAN SADDLER**                                                                                      **PLAINTIFF**

vs.                                             No. 4:19-cv-217-BSM

**CRAIG CUSTOM CONSTRUCTION, LLC,**                                          **DEFENDANTS**
**and STEPHEN W. CRAIG**

This case assigned to District Judge _Miller_
and to Magistrate Judge _Harris_

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Ryan Saddler by and through his attorneys Blake Hoyt,

Josh West and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint

against Defendants Craig Custom Construction, LLC, and Stephen W. Craig (collectively

"Defendants"), he does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201,

*et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, and costs, including a reasonable attorney's fee, as a result of

Defendants' failure to pay Plaintiff overtime compensation for hours worked in excess of

forty (40) per week.

2.     Upon information and belief, for at least three years prior to the filing of this

Complaint, Defendants have willfully and intentionally committed violations of the FLSA

as described, *infra*.

## II.    JURISDICTION AND VENUE

3.     This action is brought by Plaintiff against Defendants for violations of the FLSA, 29 U.S.C. § 201, *et seq*. and the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

4.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this state cause of action would be expected to be tried with the federal claim in a single proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

## III.    THE PARTIES

7.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8.     Plaintiff is a resident and citizen of Faulkner County. He was employed by Defendants within the three years preceding the filing of the Original Complaint.

9.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

10.     Defendant Craig Custom Construction, LLC ("Craig Construction"), is an Arkansas limited liability company, and may receive service of process through its

registered agent for service of process, Stephen W. Craig, at 13200 West Markham Street, Little Rock, Arkansas 72211.

11.     Upon reasonable information and belief, Defendant Stephen W. Craig ("Craig") is an individual and resident of Pulaski County.

12.     Defendant Craig is the owner, member, and officer of Craig Construction

13.     Defendant Craig operates as an employer alongside Craig Construction, and had the power to hire and fire Plaintiff, supervised Plaintiff's work and determined Plaintiff's work schedule, duties and tasks, and made decisions regarding Plaintiff's pay, or lack thereof.

14.     Defendant Craig Construction was at all times relevant hereto operated as a single joint enterprise by and with Defendant Craig, with centralized policies, particularly regarding pay, being applied to all employees and with unified control and management.

15.     Defendants acted jointly as "employers" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiff.

16.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

17.     As a result of this unified operation, control, management, and ownership, with the authority to establish wages and pay policies, Defendants operated as a single enterprise.

18.     Defendants are and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA, and have during each of the three years preceding the filing of this Complaint had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

19.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20.     At all relevant times, Defendants continuously employed at least four employees.

## IV.     FACTUAL ALLEGATIONS

21.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22.     Defendants own and operate a construction business and provide general commercial construction, governmental and HUD construction, civil construction, home building and maintenance for their customers.

23.     During part of the three years prior to the filing of this lawsuit, Plaintiff worked for Defendants as an hourly-paid employee.

24.     Plaintiff's duties included, but were not limited to, selling and fulfilling contracts for third parties for jobs such as demolition, erosion control, grading, site concrete, paving and all manners of excavation and site preparation. In addition to those duties, Plaintiff was also responsible for operating equipment and providing manual labor at job sites.

25.     When Plaintiff was responsible for providing manual labor at a job site, he was to be paid $18.00 per hour.

26.     Although Plaintiff was paid an hourly rate while performing manual labor on a job site, Plaintiff was misclassified by Defendants as non-exempt from overtime wages.

27.     When performing manual labor for Defendant and receiving and hourly wage, Plaintiff generally worked in excess of forty (40) hours per week throughout his tenure with Defendants.

28.     More specifically, Plaintiff regularly worked in excess of fifty (50) hours per week for Defendants.

29.     Plaintiff was hired to work for Defendants for a continuous and ongoing period of time.

30.     Plaintiff did not share in Defendants' profits when Plaintiff worked as an hourly employee.

31.     Defendants made decisions regarding advertising Defendants' business without the Plaintiff's input or consultation.

32.     Defendants entered into contracts with their customers and Plaintiff did not sign contracts with Defendants' customers when Plaintiff worked as an hourly employee.

33.     Defendants set the prices for their customers without input or negotiation from Plaintiff.

34.     Plaintiff did not advertise himself as an independent contractor when he worked as an hourly employee.

35.     Defendants made decisions on what new business to pursue or take without the input of Plaintiff.

36.     Plaintiff did not negotiate contracts or prices with Defendants' customers when Plaintiff worked as an hourly employee.

37.     Defendants expected Plaintiff to follow Defendants' policies regarding his employment.

38.     Defendants assigned tasks to Plaintiff and oversaw his work, and did not allow Plaintiff independent discretion in carrying out his work.

39.     Defendants had a practice of not paying and did not pay Plaintiff any overtime compensation for hours worked in excess of forty (40) per week when Plaintiff worked as an hourly employee.

40.     Defendants failed to keep accurate records of Plaintiff's hours worked.

41.     Plaintiff was entitled to one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) in each week.

42.     It was Defendants' commonly applied practice to not pay Plaintiff for all of the hours during which he was performing labor for Defendants.

43.     At all relevant times herein, Defendants have deprived Plaintiff of an overtime premium for all of the hours he worked in excess of forty (40) hours in a week.

44.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff violated the FLSA and the AMWA.

## V.     FIRST CLAIM FOR RELIEF—FLSA

45.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully incorporated herein.

46.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207 (LEXIS 2013).

47.     Defendants failed to pay Plaintiff a lawful overtime premium of one and one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

48.     Defendants' conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

49.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, and costs, including a reasonable attorney's fee, as provided by the FLSA for all violations which occurred within the three years preceding the filing of this Complaint, plus periods of equitable tolling.

50.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF—AMWA

51.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

52.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

53.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA.

54.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

55.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

56.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

57.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the AMWA for all violations which occurred within the three years preceding the filing of this Complaint, plus periods of equitable tolling.

58.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ryan Saddler respectfully prays as follows:

A.     That Defendants be summoned to appear and answer this Complaint;

B.      That Defendants be required to account to Plaintiff and the Court for all the hours worked by Plaintiff and all monies paid to him;

C.      A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.      A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

E.      Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.      Judgment for damages for all unpaid overtime wage compensation under the AMWA and the related regulations;

G.      Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H.      Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.      For a reasonable attorney's fee, costs, and pre-judgment interest; and

J.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF RYAN SADDLER**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

Josh West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com